**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MICHAEL D. CALHOUN,

    Petitioner,

-vs-                                                  Case No. 8:15-cv-451-T-36MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, a Florida prisoner, initiated this action for habeas corpus relief pursuant to 28 U.S.C. Section 2254 (Dkt. 1). Upon consideration of the petition, the Court ordered Respondent to show cause why the relief sought in the petition should not be granted (Dkt. 10). Thereafter, Respondent filed a response (Dkt. 21). Petitioner then filed an amended petition (Dkt. 23) that reasserted Grounds One and Two of the initial petition and dropped Grounds Three and Four, and a memorandum in support (Dkt. 24). He subsequently replied to Respondent's response (Dkt. 29).

Petitioner alleges two claims in his amended petition:

1. Appellate counsel was ineffective in failing to "raise and argue improper jury instructions;" and

2. Appellate counsel was ineffective in failing to argue that the trial court deprived Petitioner of his only defense by failing to adequately instruct the jury on his "heat of passion" defense.

## I. PROCEDURAL HISTORY

A jury found Petitioner guilty of first degree murder (Respondent's Ex. 2, record p. 295).[1] He

---

[1]Petitioner represented himself at trial.

was sentenced to life in prison (*Id.*, record p. 300). On appeal, Petitioner raised two issues:

> ISSUE ONE. DID THE TRIAL COURT ERR IN FAILING TO RENEW THE OFFER OF COUNSEL ON EACH DAY OF TRIAL?
>
> ISSUE TWO. DID THE TRIAL COURT COMMIT FUNDAMENTAL ERROR IN ALLOWING IMPROPER CLOSING ARGUMENT?

(Respondent's Ex. 4). The appellate court affirmed without a written opinion (Respondent's Ex. 6).

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure (Respondent's Ex 7). The motion was dismissed (Respondent's Ex. 8), and the dismissal was affirmed on appeal (Respondent's Ex. 11). Petitioner also filed a petition alleging ineffective assistance of appellate counsel and asserting four grounds for relief:

> Ground One: Appellate counsel failed to argue as reversible error, the trial court's giving of a prejudicial instruction over Petitioner's objections;
>
> Ground Two: Appellate counsel failed to argue per se reversible error, when Petitioner presented governing case law relative to Petitioner's defense;
>
> Ground Three: Appellate counsel failed to argue that fundamental error occurred when improper admission of out-of-court evidence concerning Petitioner's psychiatrist negating petitioner's only defense; and
>
> Ground Four: Appellate counsel failed to argue that fundamental error occurred when the trial court excluded the testimony of a defense witnesses without a hearing pursuant to *Richardson v. State*, 246 So.2d 771 (Fla. 1971).

(Respondent's Ex. 13). The Second District Court of Appeal denied the petition (Respondent's Ex. 16). Petitioner thereafter filed his federal habeas petition in this Court (Dkt. 1).

## II. GOVERNING LEGAL PRINCIPLES

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments,"

*Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

**A. Standard of Review Under the AEDPA**

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme

Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

**B. Standard for Ineffective Assistance of Counsel**

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

---

[2]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

"Claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under *Strickland*." *Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir. 2009) (per curiam) (citing *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991)). Appellate counsel does not have a duty to raise every non-frivolous issue. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). "[A]n effective attorney will weed out weaker arguments, even though they may have merit." *Philmore*, 575 F.3d at 1264. Appellate counsel's performance is prejudicial if "the neglected claim would have a reasonable probability of success on appeal[.]" *Heath*, 941 F.2d at 1132.

### III. ANALYSIS

**Ground One**

Petitioner asserts ineffective assistance of appellate counsel on direct appeal. He contends

5

that appellate counsel failed to argue that the trial court erred in giving "prejudicial jury instructions over Petitioner's objections." According to Petitioner, the "prejudicial instructions" that were given were the "excusable homicide" and "justifiable homicide" instructions. He argues that those instructions "negated" his sole defense, namely, that he killed the victim (his fiancée) in the heat of passion. He contends that appellate counsel should have raised this claim on appeal since Petitioner did not assert and present evidence of excusable or justifiable homicide during trial, he filed a motion to exclude those instructions, and under Florida law it is not error to omit the instructions if the defense affirmatively agrees that they should be omitted.

First, Petitioner has failed to demonstrate that the trial court erred in giving the justifiable and excusable homicide instructions simply because he requested they not be given. In fact, in Florida it generally is fundamental error *not* to give those instructions in a murder or manslaughter case. *See Philippe v. State*, 795 So. 2d 173, 174 (Fla. 3d DCA 2001) ("The usual rule is that failure to give instructions and definitions of excusable and justifiable homicide in a murder or manslaughter case constitutes fundamental error because the trial court fails to advise the jury as to what constitutes lawful acts versus unlawful acts."). There is an exception to this rule "where defense counsel affirmatively agreed to or requested the incomplete instruction." *Reyes v. State*, 924 So. 2d 932, 933 (Fla. 3d DCA 2006) (citing *State v. Lucas*, 645 So. 2d 425 (Fla. 1994)). Nevertheless, this exception does not mean that a court errors in giving those instructions over a defendant's request not to give them, and Petitioner cites no case law holding that it is error. Thus, appellate counsel was not ineffective in failing to allege on direct appeal that the trial court was required not to give the justifiable and excusable homicide instructions because Petitioner objected to giving those instructions.

Petitioner likewise fails to demonstrate that appellate counsel was ineffective in failing to

6

argue that the excusable and justifiable homicide instructions negated his heat of passion defense. His theory of defense was that he stabbed his fiancée in the heat of passion upon sudden provocation (her telling him that she was sleeping with his friends), and that he did not have premeditated intent to kill her. He appears to take issue with the excusable homicide instruction to the extent it stated "The killing of a human being is excusable, and therefore lawful, under any one of the following three circumstances...When the killing occurs by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation. . . ." (Petitioner's exhibits, p. 276). He argues that since "the instruction read in its entirety construes the phrase 'Heat of Passion' in the accident and misfortune lawful acts context, entirely omitting the essential element of the Crime of Passion defense,[,]" and the jury never could have accepted his stabbing his fiancée as an accident or lawful act, the instruction negated his defense that he intentionally stabbed his fiancée after she provoked him by saying "I am fucking cheating on you and yes, I am fucking all your friends," which "constituted heat of passion Manslaughter."

Petitioner's defense was not negated by the jury instructions. In Florida, "'heat of passion'. . .can be a complete defense if the killing occurs by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation. . . .Or. . .it can be used as a partial defense, to negate the element of premeditation in first degree murder or the element of depravity in second degree murder." *Villella v. State*, 833 So. 2d 192, 195 (Fla. 5th DCA 2002). Although the trial court gave the standard jury instruction on excusable homicide, it also gave the standard instructions on first and second degree murder, and manslaughter. Those instructions provided, in pertinent part, that:

> "[i]f the killing occurred in the heat of passion so that the killing was not premeditated, then you should not find Michael Calhoun guilty of Murder in the First Degree[,]"
>
> "[i]f the killing occurred in the heat of passion so that the killing was not done 'by an act imminently dangerous to another and demonstrating a depraved mind regardless of

7

> human life' then you should not find Michael Calhoun guilty of Murder in the Second Degree[,]" and
>
> "[t]o prove the crime of Manslaughter, the State must prove the following two elements beyond a reasonable doubt:...Tracy Lewis is dead...[and] Michael Calhoun intentionally caused the death of Tracy Lewis....However, the defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide as I have previously explained those terms."

(Petitioner's exhibits, pp. 277-83). The jury therefore was informed that if they found Petitioner intentionally stabbed his fiancée in the heat of passion, he was not guilty of either first or second degree murder, but rather manslaughter. And they were further informed that if they found the stabbing accidental and in the heat of passion, Petitioner was not guilty of any crime.

Petitioner's appellate counsel could have reasonably decided that the trial court did not commit reversible error in instructing the jury on justifiable and excusable homicide. Counsel cannot be deemed ineffective for failing to raise issues "reasonably considered to be without merit." *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (quoting *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984)).

Petitioner has failed to demonstrate that the Florida Second District Court of Appeal's denial of this claim was contrary to *Strickland*. Accordingly, Ground One does not warrant federal habeas relief.

**Ground Two**

Petitioner contends that appellate counsel was ineffective in failing to argue on direct appeal that the trial court erred by giving "an erroneous and incomplete jury instruction [on] the next lesser included offense of second-degree murder." He asserts that he requested the trial court instruct the jury that "the State has to prove beyond a reasonable doubt that the killing did not happen in the heat of passion," and the trial court agreed to that instruction, but failed to give it. He argues that the

8

instruction was necessary to inform the jury that the State had the burden to show the absence of heat of passion, and that heat of passion negates the element of second-degree murder that requires the defendant possess a depraved mind at the time of the killing.

In contending that the jury instruction was required, Petitioner cites to *Mullaney v. Wilbur*, 421 U.S. 684 (1975). *Mullaney* involved a challenge to a statute that permitted any intentionally or criminally reckless killing to be punished as murder "unless the defendant proves by a fair preponderance of the evidence that it was committed in the heat of passion on sudden provocation, in which case it is punished as manslaughter." 421 U.S. at 691-92. *Mullaney* held that the Due Process Clause "requires the prosecution to prove beyond a reasonable doubt the absence of the heat of passion on sudden provocation when the issue is properly presented in a homicide case." 421 U.S. at 704. *Mullaney*, however, did not explicitly require a state trial court in a first degree murder case to specifically instruct that the state must disprove that the defendant acted in the heat of passion.

In *Patterson v. New York*, 432 U.S. 197 (1977), the Court limited *Mullaney* by stating that the precedent established in that case was only that "a State must prove every ingredient of an offense beyond a reasonable doubt, and that it may not shift the burden of proof to the defendant by presuming that ingredient upon proof of the other elements of the offense." *Id.* at 215. *See also Bland v. Sirmons*, 459 F.3d 999, 1013 (10th Cir. 2006) ("*Patterson* . . . .limited *Mullaney* to situations where a fact is presumed or implied against a defendant."). Petitioner does not allege that anything was presumed or implied against him, and nothing in the record indicates that an element of the offense of second degree murder (or first degree murder for that matter) was presumed, or that the burden to prove heat of passion was shifted to Petitioner.

In Petitioner's case, the trial court did not specifically instruct the jury that the State was required to prove beyond a reasonable doubt that he did not kill his fiancé in the heat of passion. The

court, however, did instruct the jury that: 1) they had to presume Petitioner was innocent and the State had the burden to prove him guilty beyond a reasonable doubt (Petitioner's exhibits, p. 284); 2) Petitioner was "not required to present evidence or prove anything;" 3) to prove second degree murder, the State had to prove, among other things, that Petitioner killed the victim "by an act imminently dangerous to another and demonstrating a depraved mind without regard for human life" (*Id*., p. 280); and 4) "[i]f the killing occurred in the heat of passion so that the killing was not done 'by an act imminently dangerous to another and demonstrating a depraved mind regardless of human life' then you should not find Michael Calhoun guilty of Murder in the Second Degree." (*Id*., p. 281). Accordingly, the jury was well aware that Petitioner had no burden to prove anything, and that to convict him of second degree murder, the State had to have proved that Petitioner killed with a depraved mind and not in the heat of passion. The jury instructions therefore did not deprive him of his defense.

Petitioner has failed to show that either Supreme Court precedent or Florida law requires an instruction explicitly stating that the State must prove beyond a reasonable doubt that the killing did not happen in the heat of passion. *See, e.g., Black v. Workman*, 682 F.3d 880, 902 (10th Cir. 2012) (where "no element of the offense of first-degree murder was presumed[,]. . .[a] reasonable jurist could interpret *Patterson* as not requiring an additional instruction that the government must prove the absence of heat of passion beyond a reasonable doubt.") (citations omitted). Appellate counsel therefore could have reasonably decided that the trial court did not commit reversible error in failing to give that instruction. Accordingly, Petitioner has failed to demonstrate that the Florida Second District Court of Appeal's denial of this claim was contrary to *Strickland*. Ground Two therefore does not warrant federal habeas relief.

Any of Petitioner's allegations not specifically addressed herein have been found to be without

merit.

It is therefore **ORDERED AND ADJUDGED** that:

1. The Amended Petition for Writ of Habeas Corpus (Dkt. 23) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The **Clerk** is directed to enter judgment accordingly and close this case.

3. This Court should grant an application for a Certificate of Appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make this showing. Accordingly, a Certificate of Appealability is **DENIED** in this case. And because Petitioner is not entitled to a Certificate of Appealability, he is not entitled to proceed on appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida on March 6, 2018.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to: Petitioner *pro se*; Counsel of Record